UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| DONALD RAY JOHNSON,[1]<br><br>    *Plaintiff*,<br>v.<br><br>SHERIFF MURRAY BLACKWELDER,<br>LINCOLN COUNTY JAIL, JAIL ADMINIS-<br>TRATOR ROBERT ROWE, CHIEF JAILER<br>CHRIS THORNTON, HEALTH PROVIDER<br>AT LINCOLN COUNTY JAIL,<br><br>    *Defendants*. | No. 4:08-cv-91<br>*Mattice/Lee* |

## MEMORANDUM AND ORDER

    Plaintiff Donald Ray Johnson ("Johnson") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 3). Johnson avers he was incarcerated on June 17, 2008, and although his wife delivered his medication, which was prescribed by his therapist for major stress disorder and anxiety on that date, Defendants refused to

---

    [1] Although Johnson also included Johnny Kleskinski ("Kleskinski") as a plaintiff in the style of this complaint, Kleskinski did not sign the complaint as required by Fed. R. Civ. P. 11(a) and did not submit an *in forma pauperis* application or pay his portion of the $350.00 filing fee as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(2).

    Accordingly, since Johnson is the only person who signed the complaint and submitted an *in forma pauperis* application, the Court concludes Kleskinski is not a plaintiff in this case and that Johnson is the sole plaintiff.

    The Court also observes that page six of the complaint consists of a list identified as "additional plaintiffs address and witness list" which includes individual signatures and addresses of nineteen men. Likewise, these individuals failed to sign the complaint under penalty of perjury as required by Fed. R. Civ. P. 11(a) and pay their portion of the filing fee or submit an *in forma pauperis* application as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(2). Thus, they are not plaintiffs in this lawsuit.

1

administer it, and as a result of being denied his medication, he suffered headaches and two seizures. In addition, Johnson presents a litany of complaints concerning the conditions of the Lincoln County Jail. Johnson requests $500,000.00 from each and every Defendant and requests that the jail be required to meet constitutional standards.

I.  **Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Johnson that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Johnson is not, however, relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Johnson is incarcerated at West Tennessee State Penitentiary in Henning, Tennessee, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified at 28 U.S.C. § 1915. Johnson shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Johnson's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 200 South Jefferson Street, Winchester, Tennessee 37398, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Johnson's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Johnson's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Johnson's preceding monthly income (or income credited to his trust account for the preceding month), but only

2

when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of West Tennessee State Penitentiary; the Custodian of Records at West Tennessee State Penitentiary; the Commissioner of the Tennessee Department of Corrections; and the Attorney General for the State of Tennessee, to ensure the custodian of Johnson's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Johnson shall collect the filing fee as funds become available. This Order shall become a part of the inmate's file and follow the inmate if he is transferred to another institution. The agency having custody of Johnson shall continue to collect monthly payments from Johnson's prisoner account until the entire filing fee of $350.00 is paid.

Johnson is **ORDERED** to provide the prison officials at any new institution with a copy of this Order. Failure of Johnson to notify the new prison officials of this Order and outstanding debt will result in the imposition of appropriate sanctions against Johnson without any additional notice or hearing by the Court.

## II.     Standard of Review

This Court reviews Plaintiff's action under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 (e)(2) and 1915(A) and is required to dismiss the action or any portion of the action which is frivolous or malicious, fails to state a claim for which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.

See 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007). Therefore, the Court will examine the Plaintiff's claims to determine if each one states a claim for which relief can be granted.

**III. Analysis**

*A. Medical Claims*

Johnson claims that he complained to Jail Administrator Robert Rowe ("Jail Administrator Rowe") that he was not receiving his medication. Johnson contends that as a result of being denied his medication, he suffered from headaches and two seizures, but that none of jail officials were aware of these alleged injuries.

> [D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citations omitted).

In his complaint, Johnson contends his prescription medication, which was prescribed by his therapist for a major stress disorder and anxiety, was brought to the jail by his ex-wife on June 17, 2008, the day on which he was brought to Lincoln County Jail. Johnson contends that abruptly ceasing these medications without physician intervention causes seizures, and that is what happened to him. When Johnson requested his medication from the nurse and officers, he was referred to Jail Administrator Rowe, who

4

did not administer his medication. Johnson alleges he suffered headaches and two seizures as a result of being denied his medication.

Liberally construing Johnson's allegations, as the Court is required to do, he has stated a claim for deliberate indifference to his serious medical needs against Jail Administrator Rowe. Accordingly, Johnson will be permitted to proceed on his medical claim against Defendant Rowe.

B. *General Complaints*

In addition, Johnson, who is currently incarcerated at West Tennessee State Penitentiary in Henning, Tennessee, brought this action during his confinement in the Lincoln County Jail.[2] Johnson asserts a litany of general complaints concerning the conditions of the Lincoln County Jail including but not limited to overcrowding, inadequate sanitation and hygiene, and lack of safeguards protecting inmates from being exposed to inmates with staff infection. Johnson, however, fails to explain how the conditions of the jail have personally violated his constitutional rights. In addition, he seeks injunctive relief and his claim for money damages, as it relates to these general complaints, is based on mental stress, and pain and suffering. The only physical injury he alleges is in relation to the denial of medical treatment, which was addressed above in this Memorandum and Order.

Pursuant to 42 U.S.C. § 1997e(e), Johnson must show a physical injury in relation to the alleged unconstitutional conditions at Lincoln County Jail in order to collect any damages. Johnson has not alleged any physical injury in relation to his complaints

---

[2] When Johnson responded to the Court's Deficiency Order, he had been transferred to West Tennessee State Penitentiary.

5

concerning the general conditions of the Lincoln County Jail. Rather, he asks for damages based on a mental or emotional injury.

On April 26, 1996, Congress enacted the Prison Litigation Reform Act (PLRA) which includes a number of provisions limiting civil litigation filed by prisoners. The Court determines the applicable provision to the instant action is 42 U.S.C. § 1997e(e), entitled "Limitation on Recovery." Section 1997e(e) provides that "[n]o Federal civil action shall be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Court finds that Johnson is not permitted to recover damages under of § 1997e(e) based on his claims for recovery for custodial mental or emotional damages without a corresponding claim of a physical injury. Therefore, since Johnson has not alleged a physical injury as a result of the conditions of confinement at Lincoln County Jail, he cannot recover damages for mental or emotional injuries. *See Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997) (Plaintiffs not claiming damages for physical injury were not permitted to recover under § 1997e(e)).

In addition, Johnson's requests for injunctive relief as to the conditions of the Lincoln County Jail are moot, since he is no longer housed there. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (a prisoner's claim for declaratory and injunctive relief becomes moot upon his transfer to a different facility).

Accordingly, Johnson's allegations that the conditions of his confinement in the Lincoln County Jail violated his constitutional rights will be **DISMISSED** *sua sponte* for failure to allege a physical injury, in violation of 42 U.S. C. § 1997e(e), and additionally, his

6

requests for injunctive relief as to the conditions in the Lincoln County Jail will be **DISMISSED** as **MOOT** since he is no longer housed there and can derive no benefit from any modifications to the conditions of confinement at the Lincoln County Jail.

## IV. Parties

Johnson identifies Jail Administrator Rowe, Sheriff Murray Blackwelder ("Sheriff Blackwelder"), Chief Jailer Chris Thorton ("Chief Jailer Thorton"), Lincoln County Jail, and Health Providers for Lincoln County Jail as defendants in this action. However, the only party Johnson identifies in relation to his medical claim, which is the only claim that has not been dismissed, is Jail Administrator Rowe. There are no claims against Chief Jailer Chris Thorton or Sheriff Murray Blackwelder in relation to the Eighth Amendment deliberate indifference to serious medical needs claim, which is the only surviving claim. Accordingly, Chief Jailer Thorton and Sheriff Blackwelder will be **DISMISSED** as Defendants in this action.

Johnson also identified the Lincoln County Jail as a defendant in his complaint. The jail is not a legal entity amenable to suit under 42 U.S.C. § 1983, but is merely a name assigned to the building which houses inmates. The jail is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Thus, the jail is not a "person" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D.Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D.Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"); *Bradford v.*

7

*Gardner*, 578 F.Supp. 382, 383 (E.D.Tenn.1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter*, 536 F.Supp. 13, 16 (E.D.Tenn. 1981) (city police department is not a suable entity under § 1983 ).

Accordingly, because the Lincoln County Jail is not a suable entity, it will be **DISMISSED** as a defendant from Johnson's § 1983 complaint.

Likewise, the defendant identified as the Health Provider at the Lincoln County Jail will be **DISMISSED** because the Health Provider is not a legal entity subject to being sued under § 1983. *See Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, *3 n. 1 (E.D. Tenn. June 5, 2006) (noting that the jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued) (citing to *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1973) for its holding that a state prison medical department is not a "person" under § 1983)). The Clerk will be **DIRECTED** to amend the style of the case to reflect this ruling.

**V.    Service of Complaint**

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for the remaining defendant named in this action, *i.e.*, Jail Administrator Rowe. Plaintiff is **ORDERED** to complete the service packet and return it to the District Court Clerk, 200 South Jefferson Street, Winchester, TN 37398, within **twenty (20) days** from the date of receipt of this Memorandum and the accompanying Order. The summons will then be signed and sealed by the Court Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. Johnson is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this

action.

Defendant **SHALL** answer or otherwise respond to the complaint within **twenty (20) days** from the date of service.

Johnson is **ORDERED** to inform the Court, and the defendant or defendant's counsel of record, immediately of any address change. Failure to provide a correct address to this Court **within ten (10) days** following any change of address will result in the dismissal of this action.

## VI. Conclusion

For the reasons explained above, Johnson will be **ASSESSED** the $350.00 filing fee; his alleged unconstitutional conditions of confinement will be **DISMISSED** *sua sponte* for failing to allege a physical injury in violation of 42 U.S.C. § 1997e(e); his request for injunctive relief will be **DISMISSED as MOOT** since he is no longer housed at the Lincoln County Jail; Chief Jailer Thorton and Sheriff Blackwelder will be **DISMISSED** as defendants from this complaint because no claims were brought against these two named defendants; and the Lincoln County Jail and the Health Provider at the Lincoln County Jail will be **DISMISSED** because they are non-suable entities under 42 U.S.C. § 1983. The Clerk of Court is **DIRECTED** to amend the style of the case to reflect this ruling.

Further, the Clerk is **DIRECTED** to send Plaintiff a service packet which he must complete and return to the District Court within **twenty days** from the date of receipt of this Memorandum and Order, the accompanying Order, Defendant is **ORDERED** to answer or otherwise respond to the complaint within **twenty days** from the date of service, and Johnson is **ORDERED** to inform the Court, and Defendant or Defendant's counsel of

9

record of any address change with ten days following any change of address.

Finally, Johnson will be permitted to proceed on his deliberate indifference claim against Jail Administrator Rowe.

A separate Order, summarizing the Court's rulings as set forth herein, will issue.

    */s/Harry S. Mattice, Jr.*    
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
